**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Alex E. Tsionis, Esq.
Deborah L. Dobbin, Esq.

*Attorneys for David J. Doyaga, Sr., Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
In re:                                                                                  Chapter 7

    DAVID RUSI,                                                         Case No.: 23-40150-jmm

                              Debtor.
-----------------------------------------------------------x

### *EX PARTE* MOTION OF DAVID J. DOYAGA, SR., TRUSTEE FOR THE ENTRY OF AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING UBS FINANCIAL SERVICES, INC. TO PRODUCE DOCUMENTS

**TO:    THE HONORABLE JIL MAZER-MARINO
          UNITED STATES BANKRUPTCY JUDGE**

David J. Doyaga, Sr., the Chapter 7 the Trustee (the "Trustee") of the estate of David Rusi (the "Debtor"), by and through his attorneys, the Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and for his *ex parte* motion (the "Motion") seeking the entry of an order directing UBS Financial Services, Inc. ("UBS") to produce documents pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and respectfully states as follows:

### BACKGROUND INFORMATION

**A.    The Bankruptcy Filing**

1.    On January 18, 2023, the Debtor commenced a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

1

2. David J. Doyaga, Sr. was appointed interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, became the permanent Chapter 7 Trustee of the Debtor's estate.

**B.     The David Rusi 2011 Irrevocable Trust**

3. On May 9, 2023 [ECF Doc. No. 31], the Debtor filed Amended Schedules in which he lists in Schedule A/B that he is a beneficiary "under the David Rusi 2011 Irrevocable Trust, a spendthrift trust whose assets consist of cash and an interest in real estate."

4. The David Rusi 2011 Irrevocable Trust ("Trust") appears to have been created on October 31, 2011. The Debtor's father, Selim Rusi is listed as the grantor of the Trust ("Grantor") and Ilirjan Rusi is listed as the one of the trustees ("Trustees") of the Trust.

5. Article One: Funding the Trust, provides in paragraph (A) that the property transferred by Grantor into the Trust is listed in Schedule "A" to the Trust agreement. Upon information and belief, at the time of formation of the Trust, Schedule "A" was left blank. Article One, paragraph (B) provides that the Grantor and anyone else may transfer additional property to the Trustees of the Trust, to be held and administered according to the Trust terms.

6. Significantly, Article One, paragraph (C) provides that the "Grantor retains *no right, title or interest in any Trust property*". In addition, Article Four, paragraph F provides that "the Trustees will not, however use any income or principal of the trust estate in a manner that would discharge the Grantor's legal support obligations *or give him any pecuniary benefit*." (Emphasis supplied).

7. Article Four of the Trust provides that the Debtor is the beneficiary of the Trust.

C.   **The Trust Account and Transfers Back to Grantor**

8.   The Trust maintained an account ending XX590-1 with Goldman Sachs (the "Trust Account").  It is unknown whether or not the Trust maintains additional accounts with Goldman Sachs.

9    On or about January 21, 2020, Salmar Properties, LLC deposited the sum of $3,595,763.67 into the Trust Account.

10.   In direct violation of the Trust provisions, on February 4, 2020, the Trust transferred the sum of $1,097,146.24 (the "Debtor's Trust Money") from the Trust Account to the Grantor's individual account at Goldman Sachs (the "Grantor's Goldman Account").

11.   Based upon information from Goldman Sachs, it appears that the Grantor authorized the subsequent transfer of the Debtor's Trust Money from the Grantor's Goldman Account to an account at UBS Financial Services, Inc. ending XX1000 and/or FFC account ending XX6954, which account was in the name of Selim Rusi.

12.   In addition, the Grantor made multiple transfers from the Trust Account to himself or for his own benefit to accounts at both Popular Bank and Professional Bank.

13.   Based upon all of the above-referenced transfers, it would appear that the Trustees breached their fiduciary duty to the Trust and to the Debtor as beneficiary of the Trust.  In addition, it appears that Selim used the Debtor's Trust Money for his own personal use in direct contravention of the terms and provisions of the irrevocable trust and destroyed the Trust.

14.   As such, documents are sought from UBS to gain an understanding of the further transfer by the Grantor of the Debtor's Trust Funds and the dissipation of over $3,000,000.00 from the Trust Account.

## **RELIEF REQUESTED**

15. By this Motion, the Trustee seeks an order of this Court, substantially in the form of the proposed order annexed hereto, compelling UBS to produce the documents specified in Schedule "A" which will be annexed to a subpoena. The Trustee waives no rights and reserves his right to request the production of additional documents and information.

## **DISCUSSION**

16. Rule 2004 of the Bankruptcy Rules provides, in pertinent part, as follows:

> (a) Examination on Motion. On Motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination. The examination of any entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . [T]he examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired by the debtor for purposes of consummating a plan and the consideration given therefor, and any other matter relevant to the case or to the formulation of a plan.
>
> (c) Compelling Attendance and Production of Documents. The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending. Fed. R. Bankr. P. 2004(a), (c), (d).

17. Examinations under Rule 2004 include within their scope, *inter alia,* any matter that may relate to the property and assets of the estate; the financial condition of the debtor; any matter that may affect the administration of a debtor's estate. *See* Fed. R. Bankr. P. 2004(a), (c) and (d). Courts have consistently recognized that the scope of discovery under Bankruptcy Rule 2004 is extraordinarily broad. *See, e.g., In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (S.D.N.Y.

4

1993) (likening the scope of a Rule 2004 examination to a 'fishing expedition'); *In re Bakalis,* 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (holding that the scope of a Rule 2004 examination is "admittedly unfettered and broad". (Citations omitted).

18. The discovery sought by this Motion goes directly to the acts, conduct and administration of the Debtor's estate. Specifically, the Trustee seeks, *inter alia,* information relating to a transfer of property of the estate. Accordingly, the requested discovery is directly related to the "acts, conduct, or property or to the liabilities" of the Debtor's estate and is appropriate under Bankruptcy Rule 2004.

**WHEREFORE,** the Trustee respectfully requests that this Court grant the Motion in its entirety and enter an order, substantially in the form of the proposed order annexed hereto, and grant any such further relief as this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York  
September 6, 2024

Respectfully submitted,

**Law Offices of Avrum J. Rosen, PLLC**

By: */s/ Deborah L. Dobbin*  
Deborah L. Dobbin, Esq.  
Alex Tsionis, Esq.  
38 New Street  
Huntington, New York 11743  
(631) 423-8527  
ddobbin@ajrlawny.com

*Counsel to David J. Doyaga, Sr., Chapter 7 Trustee*